UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK HINES,

    Plaintiff,

v.

GEO GROUP, INC.; UNITED STATES
OF AMERICA, through its department
the FEDERAL BUREAU OF PRISONS, and
HARLEY LAPPIN, in his official
capacity as Director of the FEDERAL
BUREAU OF PRISONS,

    Defendant.

Civil Action No. 07-1664(JDB)

## MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS AND AFFIDAVIT IN SUPPORT

Comes now the plaintiff, Frederick Hines, pro se, pursuant to Rule 56 of the Federal Rules of Civil Procedures, and moves this honorable court for an "Order" granting "Summary Judgment" in favor of plaintiff and against the "Federal and GEO defendants, and grounds asserts the following.

Summary Judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c); <u>Celotex Corp.</u> v. <u>Catrett</u>, 477 U.S. 317, 322 (1986);

Diamon v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir, 1984); Felton v. Harris Design & Const. Co., 417 F.Supp.2d (D.D.C. 2006); Clayton v. Eli Lilly & Co., 421 F.Supp.2d 77 (D.D.C. 2006); International Painters & Allied Trades Industry Pension Fund v. KKB, 421 F.Supp.2d at 74 (D.D.C. 2006). Where no genuine disputes exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

To determine which facts are "material," a court must look to the substantive law on which each claim rests. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. Celotex, 477 U.S. at 322. The burden on the moving party may be discharged by 'showing'-- that is, pointing out to the [Court] that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial. See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The U.S. Supreme Court has interpreted the plain language of Rule 56(c) as mandating "the entry of summary judgment," after adequate time for discovery and upon motion, against

a party who fails to make a showing sufficient to establish the existence of an element of essential to that party's case, on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment.

In applying this standard, the district court must view the evidence and all faactual inferences therefrom in the light most favorable to the party opposing the motion. However, the non-moving party:

> "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Electric Industrial Company v. Zenith Radio, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d

538 (1986).

A "Motion For Summary Judgment" is also governed by D.C. Circuit Local Rule 7(h), which provides as follows:

> "7(h)  Each motion for summary judgment shall accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompained by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."

## I. FACTS UNDISPUTED BY THE FEDERAL AND GEO DEFENDANTS.

1. It is undisputed and the federal and GEO defendants have conceded that they have not provided plaintiff with "adequate health care services" commensurate to the level that is available in the community."

2. It is undisputed and the federal and GEO defendants have admitted that they have violated the terms of the contract in delivering adequate "health care services" that is commensurate to the level that is available in community.

3. It is undisputed and the federal and GEO defendants have admitted that they have established an unconstitutional policy which denies plaintiff adequate "health care services" that is commensurate to that which is available in the community.

4. It is undisputed and the federal defendants have admitted that they violated the "D.C Revitalization Act, and D.C. Code § 24-101(b), by failing to adhere to the Congressionally mandated requirements of providing "care, subsistence, and treatment of plaintiff.

5. It is undisputed and the federal defendants have conceded and admitted that defendant GEO has not complied with the terms of the contract, page 32-36 in providing plaintiff with adequate "health care."

6. It is undisputed and the federal defendants have conceded and admitted that they failed to enforce the terms of the contract that stated that defendant GEO was to provide adequate "health care services" to plaintiff.

7. It is undisputed and defendant GEO has admitted to violating the "Americans With Disablility Act," against plaintiff.

8. It is undisputed by the federal and GEO defendants that they have been "deliberate and indifferent" to plaintiff's numerous medical needs, i.e., "lung cancer, physical therapy, etc., and in so doing, violated the Eighth Amendment to the U.S. Constitution.

9. It is undisputed by the federal and GEO defendants that defendant GEO is a federal government actor, because the contact with defendant, Federal Bureau of Prisons, touches a uniquely

-5-

government function, the housing of prisoners.

10. It is undisputed and conceded by the federal and GEO defendants that they were acting under color of District of Columbia and federal law at all times mentioned in these proceedings.

WHEREFORE, because the defendants named herein have failed to controvert any of plaintiff's allegations, or have shown this court where there is a genuine issue of fact that is in dispute, but have conceded and admitted to all of plaintiff's allegations contained in his complaint, plaintiff moves that this honorable court enter "Summary Judgment" in his favor and against the federal and GEO defendants, and grant the relief which plaintiff has requested.

Respectfully Submitted,

*Frederick Hines*
Frederick Hines
Reg. No. 33592-007
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

Subscribed to and sworn before me this 7th day of January 2008.

cv.
*Cindy L. Vann*
Notary Public

-6-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Motion For Summary Judgment And Affidavit In Support" has been mailed to:

1. Deborah J. Israel, Esq.
   Womble Carlyle Sandridge & Rice, PLLC
   1401 Eye Street, N.W., 7th Floor
   Washington, D.C. 20005
   Counsel for defendant GEO Group, Inc.

2. Kathryn L. Wyer
   U.S. Department of Justice, Civil Division
   20 Massachusetts Ave., NW, Room 7218
   Washington, D.C. 20001
   Attorney for Federal Defendants

this ___7___ day of ___January___ 2008.

_____
Frederick Hines

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK HINES,

    Plaintiff

    v.

GEO GROUP, INC.; UNITED STATES OF   :Civil Action No. 07-1664(JDB)
AMERICA, through its department
the FEDERAL BUREAU OF PRISONS, and
HARLEY LAPPIN, in his official
capacity as Director of the FEDERAL
BUREAU OF PRISONS,

    Defendants.

## A F F I D A V I T

I, Frederick Hines, being the affiant, deposes and say that the statements made herein are true, and correct to the best of my knowledge and belief and made under the penalty of perjury.

1. On February 11, 2002, I suffered a severe debilitating "stroke" in the District of Columbia, which left me completely paralyzed on the left side of my body and hospitalized me for three (3) months. Two of the three months, I was under convalescense care, receiving physical therapy for the left side of my body. Affiant was not incarcerated at the time of his "stroke."

2. At the time of affiant's "stroke," affiant was employed

at the "Federal Reserve Board" in the District of Colubmia, and had employed at the Federal Reserve Board for thirty (30) years when suffering the debilitating stroke in February of 2002.

3. Affiant avers that after being examined by his private doctor (Dr. Pudshod) and federal government doctors, affiant was declared to be totally **"disabled."** Affiant is still disabled and is covered under the "Americans With Disabilities Act of 1990, 42 U.S.C.A. § 12101 et. seq.

4. Affiant avers that the "Federal Bureu of Prisons or the GEO defendants never examined affiant to ascertain whether affiant was "disabled" nor did they ever seek verification from affiant's medical records stored at the Federal Reserve Board, the Social Security Administration, or affiant's private doctor, Dr. Pudshod. All of affiant's medical records were available to defendants and could have easily been obtained.

5. Prior to affiant having the "debilitating stroke" in February of 2002, affiant had other medical ailments that required affiant to receive various medications, to include the following ailments:
    a. Hypertension
    b. History of Seizure Disorder, old left side cerebral vascular accident.
    c. Depreessive disorder
    d. Hypercholesterolemia
    e. Gastro Esophagus Reflux Disease
    f. Lumbar Strain
    g. Scoliosis
    h. COPD with Bullous disease in the right upper lobe and in the base of the right lung

6. Affiant has also been diagnosed as having "lung cancer."

7. Affiant avers that was being seen by an outside **"licensed physical therapist,"** who had been employed by affiant's outside doctor, Dr. Pudshod.

8. Affiant avers that he arrived at the Rivers Correctional Institution in the year 2004, the Rivers "Medical Staff" was made aware of all of affiant's various medical problems by affiant as well as affiant's "medical file" which had been forwarded with affiant from the "Central Detention Facility" in the District of Columbia, as well as affiant's "Court appointed attorney, Mr. Brian Roberts of the Public Defenders Service in the District of Columbia (See Exhibit A), who discussed affiant's medical condition with Warden George E. Snyder, who assured affiant's attorney that affiant's medical problems would be taken care of and that affiant would see a **"specialist,"** and would also receive "orthopedic shoes." Affiant avers that the only promise kept by Warden Snyder was affiant was issued a **"cheap pair"** of **"orthopedic shoes"** that do not last longer than three (3) months. No other promises that were made to attorney Brian Roberts have been kept.

9. Affiant avers that no curative treatment for his medical problems have been established by defendants even though affiant has repeatedly complained to the "Rivers Medical Staff" about the lack of treatment that affiant is receiving for his various medical ailments. For example. (See Exhibit A-1) affiant has been diagnosed with **"lung cancer,"** and

-3-

and defendants have done absolutely nothing for affiant's "lung cancer," such as prescribed any medication or curative treatment.

10. Affiant avers that in 2006, affiant was sent to the Roanoke Chowan Hospital, was seen by a Dr. Stewart, who x-rayed affiant's lungs and noticed **"white spots"** on affiant's lung. Dr. Stewart called Dr. Lassiter, the only doctor at Rivers, and requested permission to perform a **"biopsy"** to determine the seriousness of these "white spots," and to find out if affiant's **"lung cancer"** has spread. Dr. Lassiter lied to Dr. Stewart and informed Dr. Stewart that a **"biopsy"** had already been performed and therefore, Dr. Stewart's request is being denied.

11. Affiant avers that on May 11, 2006, affiant had requested the use of a "wheelchair and physical therapy." Rivers Health Service Administrator, Jeanne Keel denied affiant's request without ever seeing affiant or conducting a physical examination of affiant.

12. Affiant avers that to this date, January 7, 2008, affiant has not been treated for his **"lung cancer,"** for **constant chest pains, a pinched nerve in his back, paralyzed left foot from the "stroke," bruised left hand, seen a "Podiatrist"** or received **"physical therapy"** from the defendants.

-4-

13. Affiant avers that the defendants have done absolutely nothing in "delivering adequate health care services" to affiant that is commensurate to the level in the community.

*Frederick Hines*
Frederick Hines

Subscribed to and sworn before me this 7th day
_____January 2008.

*Cindy J. Vann*
Notary Public

[Seal: CINDY L. VANN, NOTARY PUBLIC, HERTFORD COUNTY, N.C.]