UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK HINES, ) | |
| ) | |
| Plaintiff (Pro Se), ) | |
| ) | |
| v. ) | Civil Action No. 07-1664 (JDB) |
| ) | |
| GEO GROUP, INC.; UNITED STATES OF ) | |
| AMERICA, through its department, the FEDERAL ) | |
| BUREAU OF PRISONS; and HARLEY LAPPIN, ) | |
| in his official capacity as Director of the ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**FEDERAL DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS
RELATED TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE
ALTERNATIVE, FOR RELIEF PURSUANT TO RULE 56(f)**

Pursuant to Fed. R. Civ. P. 7(b)(1), federal defendants the Federal Bureau of Prisons ("BOP") and BOP Director Harley Lappin (collectively, "federal defendants" or "BOP") hereby move the Court to stay further proceedings related to the plaintiff's Motion for Summary Judgment pending the resolution of federal defendants' Motion to Dismiss, or, in the Alternative, to Transfer. In the alternative, or to the extent that plaintiff's Motion for Summary Judgment is not rendered moot by this Court's resolution of federal defendants' dispositive motion, federal defendants move the Court for relief pursuant to Fed. R. Civ. P. 56(f). Alternative to either of these requests, federal defendants move for an enlargement of time to respond to plaintiff's motion so that their response will be due thirty days after this Court's order. The grounds for

these requests are set forth in the attached memorandum.[1]

Dated: January 24, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Ave. NW, Room 7218
Washington, D.C.  20001
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Federal Defendants*

---

[1] Pursuant to LCvR 7(m), the duty to confer regarding nondispositive motions does not apply where, as here, the adverse party is incarcerated and proceeding pro se.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK HINES, ) | |
| ) | |
| Plaintiff (Pro Se), ) | |
| ) | |
| v. ) | Civil Action No. 07-1664 (JDB) |
| ) | |
| GEO GROUP, INC.; UNITED STATES OF ) | |
| AMERICA, through its department, the FEDERAL ) | |
| BUREAU OF PRISONS; and HARLEY LAPPIN, ) | |
| in his official capacity as Director of the ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS RELATED TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR RELIEF PURSUANT TO RULE 56(f)**

**PRELIMINARY STATEMENT**

Federal defendants have filed a Motion to Dismiss or, in the Alternative, to Transfer that is now fully briefed and pending before the Court. Federal defendants have maintained that they are entitled to dismissal of plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6) based on the legal insufficiency of plaintiff's Complaint. The issues addressed in their motion to dismiss therefore do not depend on the establishment of any particular set of facts. If the Court were to grant federal defendants' motion, then all claims against them would be resolved without the need for discovery or further proceedings. In this circumstance, a stay of summary judgment proceedings would preserve the resources of the Court and of the parties.

This is especially true here because plaintiff's Motion for Summary Judgment, as it

stands, clearly does not entitle him to judgment as a matter of law. A cursory review of plaintiff's submission shows that plaintiff has failed to meet his initial burden to establish the absence of a genuine issue of material fact under Fed. R. Civ. P. 56(e) and LCvR 7(h). Rather, although plaintiff bears the burden of persuasion and proof in regard to his claims, his statement of material facts contains only vague and unsubstantiated allegations regarding the conduct of defendants. Plaintiff's affidavit, rather than asserting personal knowledge of the alleged material facts, makes unrelated assertions regarding his medical history and physical condition. The burden therefore has not shifted to federal defendants to produce evidence of their own establishing that there is a genuine issue of material fact.

If the Court rejects federal defendants' motion to stay summary judgment proceedings until their motion to dismiss or transfer is resolved, or to the extent resolution of that motion does not dispose of the claims against federal defendants, federal defendants are entitled to relief pursuant to Fed. R. Civ. P. 56(f). Because no discovery has yet occurred in this case, federal defendants are unable at this time to present whatever facts might be essential to oppose plaintiff's motion, and summary judgment in favor of plaintiff would be premature and inappropriate at this stage of the proceedings. Federal defendants therefore request, pursuant to Rule 56(f), that plaintiff's motion be denied or, alternatively, continued so that, if the claims against federal defendants are not resolved through their motion to dismiss or transfer, federal defendants may pursue discovery and prepare an adequate defense to plaintiff's motion.

## PROCEDURAL BACKGROUND

On September 20, 2007, plaintiff filed his Complaint in this case, proceeding pro se. Plaintiff is an inmate currently incarcerated at Rivers Correctional Institution ("Rivers"), a

private facility located in Winton, North Carolina, which is operated by GEO Group, Inc. ("GEO Group" or "GEO") under contract with the BOP. His Complaint challenges the conditions of his confinement, raising an Eighth Amendment claim alleging inadequate medical care and an Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12300, claim alleging a failure to receive care for an alleged disability. He seeks declaratory and injunctive relief, as well as damages. His damages claim appears to be limited to codefendant GEO Group.

On October 29, 2007, GEO Group moved to dismiss the Complaint, arguing that this Court lacks personal jurisdiction over GEO Group and that plaintiff's Complaint fails to state a claim on which relief may be granted. In the alternative, GEO moved to transfer this action to the Eastern District of North Carolina. See generally GEO Group's Mot. to Dismiss & Alternative Mot. to Transfer (dkt. #8&9); GEO Group's Reply in Supp. of Their Mot. to Dismiss & Alternative Mot. to Transfer (dkt. #16). On December 10, 2007, federal defendants also moved to dismiss the Complaint or, in the alternative, to transfer the action to the Eastern District of North Carolina. See generally Fed. Defs.' Br. in Supp. of Their Mot. to Dismiss or, in the Alternative, to Transfer ("Fed. Defs.' Op. Br.") (dkt. #15); Fed. Defs.' Reply in Supp. of Their Mot. to Dismiss, or, in the Alternative, to Transfer ("Fed. Defs.' Reply") (dkt. #24). Both motions to dismiss or transfer are fully briefed and remain pending before this Court.

On January 11, 2008, together with his response to federal defendants' motion to dismiss or transfer, plaintiff filed a motion for summary judgment, including ten paragraphs of allegedly undisputed and allegedly material factual allegations, and accompanied by the plaintiff's affidavit including further factual allegations.

**ARGUMENT**

I.  **THE COURT SHOULD STAY SUMMARY JUDGMENT PROCEEDINGS UNTIL IT RULES ON FEDERAL DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

Every court has the "inherent" power to "stay proceedings" as it deems appropriate in order to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); accord United States v. W. Elec. Co., Inc., 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995) (recognizing a trial court's "inherent power to control the sequence in which it hears matters on its calendar"). Under the circumstances presented here, the Court should exercise this discretion by issuing a stay of proceedings on plaintiff's Motion for Summary Judgment until the issues raised in federal defendants' motion to dismiss or transfer are resolved.

As noted above, plaintiff has asserted claims against federal defendants under the Eighth Amendment and the ADA, alleging that he has received inadequate treatment, while incarcerated at the GEO Group-operated Rivers facility, for alleged medical conditions and an alleged disability. Federal defendants have filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), arguing that even assuming the factual allegations set forth in plaintiff's Complaint are true, plaintiff has failed to state a cognizable claim against federal defendants. Specifically, federal defendants have argued that plaintiff cannot prevail on his ADA claim against federal defendants because the ADA does not apply to the federal government, and that plaintiff has not stated an Eighth Amendment claim against federal defendants because his Complaint fails to identify any policy or custom of the BOP – which contracts with GEO to house D.C. felony offenders at Rivers and therefore does not itself operate the prison's health care system – as the moving force

behind the allegedly inadequate medical care that he has received at Rivers. In the alternative, federal defendants have requested that this action be transferred to the Eastern District of North Carolina because that is the district in which plaintiff is incarcerated, the location where the allegedly inadequate medical care was provided, and the primary site of any relevant evidence.

Plaintiff has responded to federal defendants' motions and at the same time has moved this Court for summary judgment. However, plaintiff offers his motion without any evidentiary support whatsoever and thus fails to meet the requirements of Fed. R. Civ. P. 56 and LCvR 7(h). His motion includes a list of allegedly "undisputed" facts, which he claims federal defendants as well as GEO Group have admitted or conceded. This list of "facts" is actually a list of broad conclusory allegations, including (1) that defendants have failed to provide plaintiff with adequate health care services, (2) that defendants have violated the terms of the contract that exists between the BOP and GEO, (3) that defendants have "established an unconstitutional policy which denies plaintiff adequate 'health care services,'" (4) that federal defendants have violated D.C. Code § 24-101(b), (5) that federal defendants have failed to enforce the terms of the contract between the BOP and GEO, and (6) that federal defendants have shown deliberate indifference to plaintiff's medical needs. See Pl. S.J. Mot. at 4-6.[2] None of the items on this list can fairly be characterized as "undisputed"; indeed, many of these general assertions are legal rather than factual in nature, and all of them lack any specific factual detail that could support plaintiff's Motion for Summary Judgment. Moreover, the listed allegations fail to include

---

[2] Plaintiff's list of supposedly undisputed facts also contains an allegation that GEO Group has violated the ADA but excludes any allegation that federal defendants have done so. This omission further indicates, as argued in federal defendants' Reply in support of their motion to dismiss or transfer, that plaintiff has conceded that the ADA does not apply to federal defendants, and has thus abandoned this claim. See Fed. Defs.' Reply at 1-2.

citations to any evidentiary support either for their substance or for the proposition that federal defendants or GEO have admitted that these allegations are true. See id.

This statement clearly fails to meet the requirement of LCvR 7(h) that each alleged material undisputed fact be accompanied by "references to the parts of the record relied on to support the statement." Indeed, there is no "record" to which plaintiff might refer since, as explained below, no discovery has occurred in this case. Moreover, the affidavit that plaintiff has submitted in support of his motion for summary judgment does not represent that plaintiff has personal knowledge concerning most of these allegedly undisputed facts. Thus, plaintiff has failed to meet his burden of establishing the existence of undisputed material facts that would entitle him to summary judgment. See Fed. R. Civ. P. 56(e) (requiring a motion for summary judgment to be "supported as provided in this rule" before an adverse party incurs the obligation to respond); LCvR 7(h) (requiring evidentiary support for factual allegations). This defect is particularly significant here because plaintiff bears the burden of persuasion on his claims. See Hunt v. Cromartie, 526 U.S. 541, 553 (1999) ("Summary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact.").

Plaintiff's motion and affidavit in actuality offer nothing more than a restatement of the claims made in his Complaint. There is therefore no reason at this time to shift the burden to federal defendants to refute plaintiff's vague and wholly unsubstantiated allegations. Rather, deferring further consideration of plaintiff's motion until federal defendants' motion to dismiss or transfer is resolved is appropriate. Plaintiff would suffer no prejudice as a result of the requested stay. In contrast, federal defendants would suffer prejudice in the absence of a stay

because they would be expected to address, at this premature stage of the litigation, each of plaintiff's factual allegations.  Resolution of the issues raised in federal defendants' motion to dismiss – which directly implicates whether plaintiff has stated a proper claim to any of the relief he seeks by way of his Motion for Summary Judgment – is a necessary antecedent to the Court's review of plaintiff's Motion for Summary Judgment and may, indeed, dispose of the claims against federal defendants in their entirety prior to unnecessary consideration of disputed factual issues.  Even if the claims against federal defendants are not dismissed, the Court's ruling on federal defendants' motion would likely clarify the issues in such a way that would benefit further proceedings.  This Court should therefore exercise its discretion to resolve federal defendants' motion to dismiss or transfer before considering plaintiff's Motion for Summary Judgment.

## II.   ALTERNATIVELY, THE COURT SHOULD DENY PLAINTIFF'S MOTION, OR ORDER A CONTINUANCE, PURSUANT TO RULE 56(f)

To the extent any claims against federal defendants remain – either because the Court denies the above motion to stay or because the Court ultimately does not fully grant federal defendants' motion to dismiss or transfer – this Court should grant federal defendants relief under Fed. R. Civ. P. 56(f) by denying plaintiff's Motion for Summary Judgment or, in the alternative, ordering a continuance so that federal defendants may have an opportunity, through discovery, to inquire into the factual matters discussed in plaintiff's affidavit.  Under Rule 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." Strang v. U.S. Arms Control & Disarmament

Agency, 864 F.2d 859, 861 (D.C. Cir. 1989). The purpose of Rule 56(f) is to prevent the non-moving party from being "'railroaded' by a premature motion for summary judgment" before there has been any opportunity to conduct discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); see Khan v. Parsons Global Servs., Ltd., 428 F.3d 1079, 1087 (D.C. Cir. 2005) (recognizing that the non-moving party's lack of time or opportunity to engage in discovery is sufficient reason to defer decision on a summary judgment motion).

      Here, plaintiff's affidavit in support of his Motion for Summary Judgment asserts factual allegations concerning his alleged medical condition and alleged disability. See Pl. Aff. Since plaintiff has filed his motion for summary judgment at a stage where defendants' motions to dismiss or transfer are still pending, no discovery has occurred in this case. Thus, as explained in the declaration by undersigned counsel accompanying this motion, see Wyer Decl. ¶ 6, federal defendants have no means of contesting the facts alleged in plaintiff's affidavit, which concern matters under plaintiff's exclusive control. To the extent these allegations are deemed material or relevant to plaintiff's claims against federal defendants, federal defendants should be allowed an opportunity to explore the accuracy of plaintiff's assertions before having to respond to plaintiff's motion. See id. ¶¶ 7-8. For example, if plaintiff's ADA claim against federal defendants is not dismissed, federal defendants would likely seek to determine, through discovery, whether plaintiff qualifies as a person with a disability for purposes of the ADA. Thus, unless the Court disposes of all claims against federal defendants based on their motion to dismiss or transfer, relief pursuant to Rule 56(f) is warranted. Because, as explained above, plaintiff's motion fails to meet plaintiff's burden under Fed. R. Civ. P. 56(e) and LCvR 7(h) of establishing an evidentiary basis for any of its factual allegations, denial of plaintiff's motion is

most appropriate. Alternatively, the Court should grant a continuance to allow discovery.

## CONCLUSION

For the foregoing reasons, federal defendants respectfully request that this Court stay further proceedings related to plaintiff's Motion for Summary Judgment, including briefing, until the Court has resolved federal defendants' Motion to Dismiss or, in the Alternative, to Transfer. In the alternative, or to the extent any claims against federal defendants remain, federal defendants request that this Court dismiss plaintiff's Motion or grant a continuance pursuant to Rule 56(f) until federal defendants have had an opportunity to engage in discovery and prepare a more comprehensive opposition to plaintiff's Motion for Summary Judgment. In the event the Court denies all these requests, federal defendants respectfully ask that the deadline for responding to plaintiff's motion be extended to thirty days following the date of the Court's order.

Dated: January 24, 2008                    Respectfully submitted,

                                           JEFFREY S. BUCHOLTZ
                                           Acting Assistant Attorney General
                                           JEFFREY A. TAYLOR
                                           United States Attorney
                                           VINCENT M. GARVEY
                                           Deputy Branch Director

                                           /s/ Kathryn L. Wyer
                                           KATHRYN L. WYER
                                           U.S. Department of Justice, Civil Division
                                           20 Massachusetts Ave. NW, Room 7218
                                           Washington, D.C. 20001
                                           Telephone: (202) 616-8475 / Fax: (202) 616-8202
                                           kathryn.wyer@usdoj.gov
                                           *Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that on this 24th day of January, 2008, a true and correct copy of the foregoing FEDERAL DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS RELATED TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR RELIEF PURSUANT TO RULE 56(f) was filed electronically via CM/ECF and a copy was served via U.S. First Class Mail, postage prepaid, on the following:

Frederick Hines
# 33592-007
Rivers Correctional Institution
145 Parker's Fishery Road
Winton NC 27986
*Pro Se Plaintiff*

      /s/ Kathryn L. Wyer
      Kathryn L. Wyer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK HINES, )<br>)<br>Plaintiff (Pro Se), )<br>)<br>v. )<br>)<br>GEO GROUP, INC.; UNITED STATES OF )<br>AMERICA, through its department, the FEDERAL )<br>BUREAU OF PRISONS; and HARLEY LAPPIN, )<br>in his official capacity as Director of the )<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendants. )<br>) | Civil Action No. 07-1664 (JDB) |

**[Proposed] ORDER**

Upon the Court's consideration of federal defendants' motion to stay further proceedings related to plaintiff's motion for summary judgment, or, in the alternative, for relief pursuant to rule 56(f), the opposition thereto, and the entire record in this case, it is, this _____ day of _____, 2008,

ORDERED that federal defendants' motion is GRANTED; and it is

FURTHER ORDERED that, subject to further order of the court, all further proceedings related to plaintiffs' motion for summary judgment, including all briefing deadlines, be, and hereby are, stayed until thirty days after the court makes a determination regarding federal defendants' motion to dismiss or, in the alternative, to transfer.

_____

The Honorable John D. Bates
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK HINES, )<br>)<br>    Plaintiff (Pro Se), )<br>)<br>    v. )<br>)<br>GEO GROUP, INC.; UNITED STATES OF )<br>AMERICA, through its department, the FEDERAL )<br>BUREAU OF PRISONS; and HARLEY LAPPIN, )<br>in his official capacity as Director of the )<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>    Defendants. )<br>) | Civil Action No. 07-1664 (JDB) |

### DECLARATION OF KATHRYN L. WYER

I, Kathryn L. Wyer, do hereby declare:

1.    I am currently employed as a Trial Attorney in the Federal Programs Branch, Civil Division, United States Department of Justice, and am primary counsel of record for federal defendants the Federal Bureau of Prisons ("BOP") and the BOP Director in the above-captioned case. I make this declaration, submitted pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, based on personal knowledge, and on information made available to me in the course of my official duties.

2.    The plaintiff, an inmate currently incarcerated at the private facility Rivers Correctional Institution ("Rivers") in Winton, North Carolina, filed his Complaint in this action on September 20, 2007, challenging the conditions of his confinement. Plaintiff is proceeding pro se. His Complaint raises an Eighth Amendment claim alleging inadequate medical care and an Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12300, claim alleging a failure

to receive care for an alleged disability. He seeks declaratory and injunctive relief, as well as damages. His damages claim appears to be limited to the defendant GEO Group, Inc.

3.   On October 29, 2007, GEO Group filed a Motion to Dismiss or, in the alternative, a Motion to Transfer this action to the Eastern District of North Carolina. Plaintiff filed his opposition to that motion on December 3, 2007. On December 10, 2007, federal defendants filed a Motion to Dismiss, or, in the alternative, to Transfer this action to the Eastern District of North Carolina. That motion seeks dismissal of the claims asserted against the federal defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Briefing on that motion was completed on January 22, 2008. Both motions remain pending before this Court.

4.   On January 11, 2008, the plaintiff responded to the federal defendants' motion and filed a motion for summary judgment, including ten paragraphs of allegedly undisputed and allegedly material factual allegations, and accompanied by the plaintiff's affidavit including further factual allegations.

5.   The federal defendants maintain that they are entitled to dismissal because the plaintiff has failed to state an Eighth Amendment claim against them, and because the ADA does not apply to the federal government. The federal defendants' position is that even if disputed issues of fact were to be resolved entirely in the plaintiff's favor, the plaintiff still would have no legal basis for his claims for relief against the government. Alternatively, the federal defendants maintain that this action should be transferred to the Eastern District of North Carolina. Accordingly, the federal defendants maintain that the claims against the federal defendants can be resolved in the federal defendants' favor without discovery or further proceedings.

6.   If this Court were to conclude, however, that the allegations of the plaintiff's

Complaint preclude dismissal of the claims against the federal defendants pursuant to the federal defendants' Motion to Dismiss, and that this case should not be transferred to the Eastern District of North Carolina, the federal defendants would require an opportunity to conduct discovery to inquire into facts relevant to the plaintiff's alleged entitlement to relief.  The parties have not made initial disclosures, served discovery requests, deposed witnesses, or otherwise conferred on discovery matters.  The federal defendants have not yet made disclosures or pursued discovery for three reasons: First, the pleading stage has not yet been completed, so proceeding to disclosures or discovery would be premature. Second, the federal defendants' primary position has been, and still is, that the claims against the federal defendants should be resolved in the federal defendants' favor without discovery. Third, if the Court were to deny the federal defendants' motion to dismiss and were to issue an opinion explaining its reasoning, that opinion would likely shed light on what specific facts the plaintiff could prove that could establish its legal claims and would in turn shape the discovery that the federal defendants would pursue.

       7.      If the federal defendants' pending motion to dismiss or transfer were rejected, they would likely seek discovery into the following matters discussed in the plaintiff's supporting affidavit, which could conceivably be material to the plaintiff's entitlement to relief, and which involve, in substantial part, information within the exclusive control of the plaintiff[1]:

       a.      First, the supporting affidavit discusses a stroke that plaintiff allegedly suffered on February 11, 2002, which plaintiff alleges resulted in an ongoing disability, which, he alleges, in turn entitles him to relief under the ADA.  Pl. Aff. ¶¶ 1-3.  The federal defendants

---

[1]     The precise scope of discovery would be determined by the Court's resolution of the federal defendants' Motion to Dismiss and, in particular, which of the plaintiff's factual allegations, if any, the Court deems material.

maintain that the ADA does not apply to the federal government, and, as explained in the federal defendants' Reply in support of their motion to dismiss, the plaintiff has effectively conceded this to be so. Thus, these factual allegations should not be deemed material with respect to plaintiff's claims against federal defendants. However, if this Court determines that these allegations are material, federal defendants would seek information related to these allegations in discovery.

        b.      Second, plaintiff's supporting affidavit alleges that plaintiff suffers from numerous other medical conditions, including hypertension, seizure disorder, depression, hypercholesterolemia, gastro esophagus reflux disease, lumbar strain, scoliosis, and lung cancer, and that plaintiff was receiving physical therapy prior to his incarceration. Pl. Aff. ¶¶ 5-7. While the federal defendants maintain that these factual allegations are not material to the issue of whether the plaintiff has stated a claim against the federal defendants, if the federal defendants' legal arguments were to be rejected, there would be a possibility that the court could find that these factual allegations were material, and the federal defendants would seek information related to these issues, including the plaintiff's medical records, in discovery.

      8.      The information gained through discovery could provide the federal defendants with information that would allow them to address, among other things, whether the plaintiff meets the statutory definition of "person with a disability" under the ADA, and whether the plaintiff's allegations regarding his various medical conditions are accurate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 24, 2008                          /s/ Kathryn L. Wyer
                                                              Kathryn L. Wyer