IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FREDERICK HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 1:07-cv-01664** |
| | ) | |
| THE GEO GROUP, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT GEO'S RULE 56(f) RESPONSE TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Frederick Hines has moved the court for summary judgment against Defendants. However, as outlined in the attached declaration, additional discovery is necessary before GEO may present facts essential to justify its opposition. See Exhibit 1 – Declaration of Deborah J. Israel. Thus, this Court should deny Hines' Motion for Summary Judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

Typically, summary judgment is only appropriate after the parties have had adequate time for discovery. *See First Chicago Int'l v. United Exch Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988); *Celotex Corp. v. Catrett*, 447 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). In circumstances where a party has not had adequate time to conduct discovery, Rule 56(f) provides the court with discretion to deny the motion for summary judgment or order that the motion be continued until such time as the non-moving party can adequately respond. Fed. R. Civ. P. 56(f). In this case, not only has there been inadequate time for discovery, but in fact,

there has been no time for discovery at all. Thus, the Court should delay hearing Hines' Motion for Summary Judgment until after the parties have engaged in discovery.

Hines' affidavit in support of his Motion for Summary Judgment focuses on inadequate treatment for lung cancer. (Hines Aff. ¶¶ 6, 9, 10, 12.) While Hines claims that he has been diagnosed with lung cancer, the exhibit cited by Hines in support of this proposition, Exhibit A-1 to the Complaint, indicates that Hines was only evaluated for – not diagnosed with – lung cancer. The question of whether or not Hines actually has lung cancer is central to a determination as to whether GEO's medical care was constitutionally appropriate.

In the event this Court denies GEO's pending Motion to Dismiss, GEO will conduct discovery related to Hines claim that he has received inadequate care for lung cancer. This will include deposing, or at the very least, speaking with Hines' treating physician at Roanoke Chowan Hospital. However, due to federal privacy laws, as well as doctor/patient confidentiality, this information cannot be obtained without an appropriate release or order from this Court. Additionally, without reviewing Hines' medical records and speaking with his treating physician, GEO is unable to provide an expert witness with adequate information to form an opinion as to the adequacy of Hines' medical treatment.[1] As a result, GEO cannot provide affidavits or other discovery regarding these issues to the Court.

Hines' Complaint also alleges that GEO violated his rights under the Americans with Disabilities Act. These violations allegedly stem from a denial of unspecified benefits and discrimination against Hines on the basis of his disability. Without taking Hines' deposition, GEO will be unable to determine the specific benefits Hines believes he is entitled to or the circumstances surrounding the alleged discrimination. Hines' deposition would yield information regarding the benefits which Hines claims he was denied, any policies which led to

---

[1] The same issue arise with respect to Hines additional claims of inadequate medical care.

the denial, and any GEO employees involved in the denial. Without this information, GEO cannot adequately respond to the Motion for Summary Judgment.

GEO's inability to respond to Hines' Motion for Summary Judgment until after conducting discovery entitles GEO to relief pursuant to Rule 56(f). Discovery in this matter will yield information on important factual issues, such as whether Hines was diagnosed with lung cancer and the circumstances surrounding his allegations of an ADA violation. Thus, this Court should deny Hines' Motion for Summary Judgment or continue the matter until after the parties have engaged in discovery.

WHEREFORE, GEO requests this Court:

1.     Deny Plaintiff's Motion for Summary Judgment; or

2.     In the alternative, order a continuance of this motion until after the parties have concluded discovery.

This the 25th day of January, 2008.

Respectfully submitted,

__/s/ Deborah J. Israel_____
Deborah J. Israel (DC Bar No. 430841)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC  20005
(202) 857-4466
*Counsel for Defendant GEO Group, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of January, 2008, a true and correct copy of the

foregoing **DEFENDANT GEO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**

**MOTION FOR SUMMARY JUDGMENT** was filed electronically via CM/ECF system and a

copy was served via U.S. First-Class Mail, postage prepaid on the following:

> Frederick Hines
> #33592-007
> Rivers Correctional Institution
> 145 Parker's Fishery Road
> Winton, NC 27986
> *Pro Se Plaintiff*

__/s/ Deborah J. Israel_____
Deborah J. Israel

# **EXHIBIT 1**

## **Declaration of Deborah J. Israel**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK HINES,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )          **Case No. 1:07-cv-01664**
                                          )
THE GEO GROUP, INC., *et al.*,            )
                                          )
                    Defendants.           )
                                          )

## DECLARATION OF DEBORAH J. ISRAEL

I, Deborah J. Israel, declare and state as follows:

1.      I am over 18 years of age, competent to testify and give this declaration of my own personal knowledge for use in the above-captioned matter.

2.      I am a member of the law firm of Womble Carlyle Sandridge & Rice, PLLC, ("Womble Carlyle").

3.      Womble Carlyle is the counsel of record for Defendant The GEO Group, Inc. ("GEO") in this action.

4.      Plaintiff Frederick Hines ("Hines") alleges that he received inadequate medical care for lung cancer and several other unspecified conditions while incarcerated at Rivers Correctional Institution. Hines further alleges that GEO violated rights guaranteed to him under the Americans with Disabilities Act ("ADA").

5.      GEO has been unable to engage in discovery in this action because a discovery order has not been issued by the Court. Furthermore, motions to dismiss from all Defendants are currently pending before the Court.

6.    Discovery is necessary in this matter to investigate Hines' claims of inadequate medical care for lung cancer.  Discovery may include obtaining Hines' medical records, deposing Hines' treating physician, and deposing any expert witnesses who would support Hines' claims.  This discovery will indicate whether Hines has actually been diagnosed with lung cancer and what treatment was prescribed for him by his treating physican.  Moreover, discovery will yield infromation regarding the severity and need for treatment of Hines' other medical conditions.

7.    GEO may also have Hines submit to a physical examination by a suitably licensed examiner pursuant to Rule 35 of the Federal Rules of Civil Procedure.  Such an examination would yield important information regarding Hines' current medical condition and the impact of any alleged improper care on Hines' overall health.

8.    Without this information, GEO lacks adequate information which would allow an expert witness to form an opinion regarding the adequacy of Hines' medical care.

9.    Hines' Complaint vaguely alleges that GEO denied Hines various benefits under the ADA.  GEO will need to depose Hines in order to determine the benefits to which Hines believes he is entitled.

10.    Hines' Complaint also vaguely alleges that he has been discriminated against as a result of his disability.  GEO will need to depose Hines in order to determine the details of this alleged discrimination.  Hines' deposition should reveal information regarding the benefits to which Hines believes he was entitled, the policy or procedure which resulted in an alleged denial of these benefits, and the individuals who allegedly participated in the denial or discrimination.

11.    Without clarification on these issues, GEO is unable to adequately respond to Hines' claims of a violation of the ADA.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _____1/25/08_____                    _____
                                            Deborah J. Israel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK HINES,                          )
                                          )
              Plaintiff,                   )
                                          )
v.                                        )          **<u>Case No. 1:07-cv-01664</u>**
                                          )
THE GEO GROUP, INC., *et al.*,            )
                                          )
              Defendants.                  )
                                          )

---

## <u>ORDER</u>

UPON CONSIDERATION of the **MOTION FOR SUMMARY JUDGMENT**  filed by

Plaintiff, any opposition thereto, and the entire record herein,

It is ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.


Date: _____                    _____
                                             The Honorable John D. Bates
                                             United States District Judge



Copies to:

Deborah J. Israel, Esq.                      Frederick Hines
Womble Carlyle Sandridge & Rice, PLLC        #33592-007
1401 Eye Street, NW, 7th Floor               Rivers Correctional Institution
Washington, DC  20005                        145 Parker's Fishery Road
*Counsel for Defendant GEO Group, Inc.*      Winton, NC  27986
                                             *Pro Se Plaintiff*