UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FREDERICK HINES, )<br>)<br>    Plaintiff (Pro Se), )<br>)<br>v. )<br>)<br>GEO GROUP, INC.; UNITED STATES OF )<br>AMERICA, through its department, the FEDERAL )<br>BUREAU OF PRISONS; and HARLEY LAPPIN, )<br>in his official capacity as Director of the )<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>    Defendants. )<br>) | Civil Action No. 07-1664 (JDB) |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY FURTHER PROCEEDINGS RELATED TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR RELIEF PURSUANT TO RULE 56(f)**

In their motion to stay proceedings related to plaintiff's motion for summary judgment, federal defendants the Federal Bureau of Prisons ("BOP") and BOP Director Harley Lappin (collectively, "federal defendants") argued that the Court should stay summary judgment proceedings in order to avoid wasting judicial resources and unnecessarily burdening federal defendants while federal defendants' motion to dismiss or, in the alternative, to transfer remains pending. In support of this motion, federal defendants argued that responding to plaintiff's motion at this point would be unnecessarily wasteful since plaintiff has failed to meet his burden of establishing the material facts essential to his case. In the alternative, federal defendants sought relief pursuant to Fed. R. Civ. P. 56(f), again because plaintiff has failed to meet his burden under Fed. R. P. 56(c), and because plaintiff filed his summary judgment motion before

any discovery had occurred in this case.

Plaintiff's response to federal defendants' motion fails to counter federal defendants' significant arguments in favor of a stay. Plaintiff fails to apprehend the significance of the fact that he bears the ultimate burden of proving his claims, which must prevent him from relying on conclusory allegations to support his summary judgment motion. In order to be entitled to summary judgment, plaintiff would have to put forward the same evidence that would be required to prove his case before a factfinder. He cannot simply make allegations and then require federal defendants to <u>disprove</u> them. Plaintiff is also unjustified in asserting that federal defendants' request for Rule 56(f) relief is tantamount to an admission of liability.

## **ARGUMENT**

**I.     PLAINTIFF HAS FAILED TO SATISFY HIS BURDEN FOR PURPOSES OF SUMMARY JUDGMENT, SO A STAY OF SUMMARY JUDGMENT PROCEEDINGS IS APPROPRIATE**

Plaintiff misunderstands the nature of the burden he must meet in order to establish that he is entitled to summary judgment. Plaintiff cites the Supreme Court case <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), in connection with the applicable burdens. However, he fails to acknowledge that the Supreme Court in <u>Celotex</u> distinguished between issues on which a <u>nonmoving party</u> (here, defendants) bears the ultimate burden of proof or persuasion, and issues on which the <u>moving party</u> (here, plaintiff) bears the ultimate burden. <u>See id.</u> at 325 (explaining that the party moving for summary judgment does not bear the burden of producing evidence showing the absence of a genuine issue of material fact "<u>with respect to an issue on which the nonmoving party bears the burden of proof</u>" (emphasis added)). Plaintiff is the party who brought this action and who has asserted various claims against the defendants. As such, plaintiff

is the one who bears the burden of proof in this case. See, e.g., Haynes v. Williams, 392 F.3d 478, 482 (D.C. Cir. 2004) (recognizing that a plaintiff bringing a claim under the Americans with Disabilities Act ("ADA") bears the burden of "prov[ing] that he is disabled" within the meaning of the ADA). Taylor v. Crawford, 487 F.3d 1072, 1085 (8th Cir. 2007) (recognizing plaintiff bears the "burden of proving a constitutional violation"); Pinkston v. Madry, 440 F.3d 879, 891 (7th Cir. 2006) (plaintiff bears the burden of proving an Eighth Amendment violation based on allegedly inadequate medical care).

Because plaintiff bears the ultimate burden of proof on his claims, he must do more than list conclusory allegations concerning defendants' conduct in order to make the threshold showing that there is no genuine issue of material fact in dispute for purposes of his summary judgment motion. As explained in federal defendants' initial memorandum, plaintiff has failed to make that threshold showing here. Fed. Defs.' Mem. in Support of Their Mot. to Stay at 4-6. Because responding to plaintiff's deficient motion would place unnecessary burdens on federal defendants and would be wasteful of judicial resources at this stage in the proceedings, his motion for summary judgment should be stayed until the Court rules on federal defendants' motion to dismiss.

II. **FEDERAL DEFENDANTS' REQUEST FOR RULE 56(f) RELIEF DOES NOT CONCEDE LIABILITY**

Plaintiff argues that federal defendants' request, in the alternative, for a continuance pursuant to Fed. R. Civ. P. 56(f), so that federal defendants may conduct necessary discovery to respond to plaintiff's motion, is a "sham" because the defendants already have plaintiff's medical records. Pl. Opp. at 4. He further suggests that this request is "an admission in itself, that no one

has paid any attention to plaintiff's medical needs, because if this was not true, defendants would readily have had information on plaintiff's medical condition." Pl. Opp. at 3. Plaintiff's assertions are unjustified.

Federal defendants emphasize, first of all, that they have asked the Court to deny plaintiff's motion pursuant to Rule 56(f). See Fed. Defs.' Mem. in Support of Mot. to Stay at 8-9; Fed. R. Civ. P. 56(f)(1) (stating that a court may deny a summary judgment motion pursuant to subsection(f)). Denial is the most appropriate remedy here because, as discussed above, plaintiff has failed to meet his burden under Fed. R. Civ. P. 56(c).

In the alternative, federal defendants have requested a continuance because, if the Court does not deny plaintiff's motion, federal defendants would require discovery in order to respond to plaintiff's motion. While any medical files relating to plaintiff that are in defendants' possession may be a starting point for obtaining information regarding plaintiff's current medical condition, discovery could yield other relevant information – in particular, evidence supporting or refuting whether plaintiff qualifies as disabled within the meaning of the ADA. Plaintiff indeed does not argue that discovery would not yield relevant information; he simply asserts that defendants should have all such information already. However, plaintiff's case cannot rest on such an assertion – particularly when he has not produced any relevant evidence himself.[1] The question of whether plaintiff has received adequate medical care necessarily requires some showing by plaintiff that he was in need of medical care, and if necessary, federal defendants would rely on discovery to determine whether plaintiff could make that showing.

---

[1] Certainly, the documents attached to plaintiff's Complaint do not establish that he has any of the medical conditions that he claims to have.

Acknowledging the need for discovery on these issues does not amount to an admission on the part of federal defendants. Rather, requesting relief pursuant to Rule 56(f) is a standard response in this situation, where a motion for summary judgment has been filed prematurely. Khan v. Parsons Global Servs., Ltd., 428 F.3d 1079, 1087 (D.C. Cir. 2005).[2]

## CONCLUSION

For the foregoing reasons, federal defendants respectfully request that their motion to stay proceedings related to plaintiff's motion for summary judgment be granted; in the alternative, that federal defendants be granted relief pursuant to Rule 56(f); or, if both of these requests are denied, that the deadline for federal defendants' response to plaintiff's motion for summary judgment be extended to 30 days from the date of the Court's order.

Dated: March 3, 2008                    Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Ave. NW, Room 7218
Washington, D.C. 20001
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Federal Defendants*

---

[2] Plaintiff's allegation that federal defendants' motion to stay was filed in bad faith in order to harass or delay is without foundation and should be rejected out of hand.

**CERTIFICATE OF SERVICE**

   This is to certify that on this 3rd day of March, 2008, a true and correct copy of the foregoing FEDERAL DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY FURTHER PROCEEDINGS RELATED TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR RELIEF PURSUANT TO RULE 56(f) was filed electronically via CM/ECF and a copy was served via U.S. First Class Mail, postage prepaid, on the following:

Frederick Hines
# 33592-007
Rivers Correctional Institution
145 Parker's Fishery Road
Winton NC 27986
*Pro Se Plaintiff*

                /s/ Kathryn L. Wyer
                Kathryn L. Wyer