UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FREDERICK HINES,**

    **Plaintiff,**

    v.

**GEO GROUP, INC.,** *et al.*,

    **Defendants.**

Civil Action No.  07-1664  (JDB)

## MEMORANDUM OPINION

For the reasons stated below, the Court will transfer this action to the United States District Court for the Eastern District of North Carolina.  With the exception of plaintiff's Motion to Strike Defendant GEO Group, Inc.['s] Reply Memorandum, all other pending motions will be denied without prejudice.[1]

I.  BACKGROUND

Plaintiff is a District of Columbia Code offender who has been incarcerated at the Rivers Correctional Institution ("Rivers") in Winton, North Carolina since 2004.  *See* Compl. ¶¶ 1, 5.  He describes Rivers as a "private, for-profit correctional facility that is owned and operated by Defendant GEO GROUP, INC. ("GEO") ," *id.* ¶ 2 (capitalization in original), where District of

---

[1] Plaintiff moves to strike the Reply Memorandum of Points and Authorities in Support of GEO Group, Inc.'s Motion to Dismiss and Alternative Motion to Transfer on the mistaken belief that it is a surreply filed without leave of Court to do so.  GEO's filing is a Reply, and the local rules of this Court allow "the moving party [to] serve and file a reply memorandum" without leave of court.  LCvR 7(d).  Accordingly, plaintiff's motion will be denied.

Columbia Code offenders are housed pursuant to a contractual agreement with the Federal Bureau of Prisons ("BOP"). *See id.* ¶¶ 9-12. Among other contractual obligations, plaintiff alleges that GEO Group, Inc. "assumed responsibility for the medical treatment of plaintiff while incarcerated at Rivers," *id.* ¶ 13, and therefore must "provide[] Constitutionally adequate medical care." *Id.* ¶ 6. According to plaintiff, the medical care provided at Rivers for conditions in existence prior to his incarceration there is so deficient that it constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *See id.* ¶¶ 1, 17-25. He further alleges that defendants have not provided the benefits to which he allegedly is entitled under the Americans with Disabilities Act.[2] *See id.* ¶¶ 26-28. According to plaintiff, defendants' actions "have permanently harmed [p]laintiff . . . [and] have precipitated numerous and otherwise avoidable acute medical crises." *Id.* ¶ 4. As a result, plaintiff alleges that he has experienced "chronic and debilitating pain and suffering and . . . continued needless serious physical and mental injury." *Id.*

## II.   DISCUSSION

Both the federal defendants[3] and GEO Group, Inc. move to transfer this action to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a). *See* Memorandum of Points and Authorities in Support of Federal Defendants' Motion to Dismiss or, in the Alternative, to Transfer ("Fed. Defs.' Mot.") at 22-23; Memorandum of

---

[2]   Plaintiff alleges that, prior to his incarceration, he suffered a stroke in 2002 which resulted in paralysis to the left side of his body. Compl. ¶ 18. His list of medical ailments includes hypertension, seizure disorder, depressive disorder, high cholesterol, scoliosis, and lung cancer. *See id.* ¶ 19.

[3]   In addition to GEO Group, Inc., plaintiff has sued the United States, through the Federal Bureau of Prisons, and its Director (collectively, "federal defendants").

Points and Authorities in Support of Defendant GEO Group's Motion to Dismiss and Alternative Motion to Transfer ("GEO Mot.") at 12-16. This provision allows the transfer of any civil action to any district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Plaintiff does not dispute that this action could have been brought in the United States District Court for the Eastern District of North Carolina.

As the moving parties, the defendants "bear[] the burden of establishing that the transfer of this action is proper." *Rogers v. Fed. Bureau of Prisons*, 257 F. Supp. 2d 147, 148 (D.D.C. 2003) (citing *Air Line Pilots Ass'n v. Eastern Air Lines*, 672 F. Supp. 525, 526 (D.D.C. 1987)). In deciding whether to transfer an action, the Court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways, Inc.*, 464 F. Supp. 461, 463 (D.D.C. 1978). Because plaintiff is a prisoner, it is appropriate for the Court to consider "[t]he burdens and dangers involved in transporting a prisoner across long distances," *Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir. 1974) (en banc), where plaintiff's own testimony may be required.

The federal defendants argue that the nature of the claims raised, the types of evidence (including medical records) relevant to these claims, and the location of witnesses (including plaintiff himself) together warrant the transfer of this action to the Eastern District of North Carolina, the place of plaintiff's incarceration and where the events relevant to his claims occurred. *See* Fed. Defs.' Mot. at 23-24. GEO argues that North Carolina, not the District of

Columbia, has an interest in resolution of this case; that plaintiff's claims arose in North Carolina; that North Carolina is a more convenient forum for all parties; that subpoenas may be issued and enforced in the Eastern District of North Carolina; and that most sources of proof are found in North Carolina.  *See* GEO Mot. at 13-14.

Plaintiff opposes the federal defendants' motion to transfer this action in part on the belief that neither the Eastern District of North Carolina nor the Hertford County Superior Court will address his claims on the merits.  *See* Plaintiff's Motion in Opposition to Federal Defendant's Motion to Dismiss ("Pl.'s Opp'n") at 25.  He notes that a prior ruling of the United States Court of Appeals for the Fourth Circuit bars his civil rights claims against GEO, *see id.*, Ex. D, and that his prior complaint in the Hertford County Superior Court was dismissed summarily as frivolous.  *See id.*, Ex. E-1.  Plaintiff further argues that many of the records relevant to his claims are located outside of the Eastern District of North Carolina.  *Id.* at 28-29.  Among these are records of medical providers who treated plaintiff in the District of Columbia before his transfer to Rivers; records maintained by the Federal Reserve Board, the Social Security Administration, and the Veterans Administration, the headquarters offices of which are located in the District of Columbia; and records maintained by GEO Group, the headquarters office of which is in Florida.  *Id.*

In response to GEO's motion to transfer, plaintiff disputes that his claims arose in North Carolina alone.  *See* Plaintiff's Motion in Opposition to Defendant GEO Group's Motion to Dismiss and Alternative Motion to Transfer and Plaintiff's Memorandum of Law in Support ("Pl.'s Opp'n to GEO Mot.") at 14.  Rather, he argues that his claims arose both in the District of Columbia and in North Carolina.  *Id.* at 16.  Because records relevant to these claims exist in

both districts, he maintains that transfer to the district of defendants' choosing is not favored.  *Id.* at 16-17.  In addition, he notes GEO's ties to the District of Columbia.  *See id.* at 17.  According to plaintiff, GEO solicits business in the District of Columbia; its counsel is located in the District of Columbia; the company has a registered agent here; and its employees have travelled to the District of Columbia for business reasons.  *See id.*  Plaintiff disputes that the District of Columbia is a more convenient forum for potential witnesses or that access to sources of proof is improved by transfer, since his witnesses and principal sources of proof are in the District of Columbia.  *See id.* at 18-19.  Moreover, plaintiff argues that the District of Columbia maintains an interest in the treatment of prisoners tried and convicted in the District of Columbia courts, regardless of the fact that these prisoners are serving their sentences in facilities elsewhere.  *See id.* at 15-16, 21-22.

      Having reviewed the complaint, defendants' motions to transfer, and plaintiff's oppositions thereto, the Court concludes that transfer of this action is both convenient for the parties and potential witnesses and is in the interest of justice.  It is clear from the complaint that plaintiff challenges the medical treatment he received, or did not receive, at Rivers for his various medical conditions, as well as the discrimination he allegedly suffered at Rivers due to his disability.  It appears, then, that his claims arose in the Eastern District of North Carolina.  Further, witnesses and evidence relevant to these claims, including evidence that plaintiff himself might provide, likely would be found in the Eastern District of North Carolina.  Of course, plaintiff's contention that the Fourth Circuit may not view his claim favorably is not a basis to deny transfer.

      Accordingly, the Court will grant defendants' motions to transfer this action to the United

States District Court for the Eastern District of North Carolina. *See Starnes*, 512 F.2d at 930-31; *Metcalf v. Fed. Bureau of Prisons*, 530 F.Supp.2d 131, 135 (D.D.C. 2008) (transferring civil action to district of prisoner plaintiff's incarceration under 28 U.S.C. § 1404(a) because of the "likelihood that witnesses and relevant evidence are maintained [there] and [] the difficulty of transferring plaintiff for purposes of pursuing this litigation"); *Rogers v. Fed. Bureau of Prisons*, 257 F. Supp. 2d 147, 148 (D.D.C. 2003) (transferring under 28 U.S.C. § 1404(a) to the district where petitioner was incarcerated a petition for mandamus or declaratory judgment seeking resolution of issues not related to the District of Columbia); *Laroque v. Bureau of Prisons*, Nos. 86-3347, 86-3348, 87-0100, 87-0101, 1987 WL 8522, at *1 (D.D.C. Mar. 9, 1987) (concluding that transfer to district of prisoner plaintiff's incarceration is proper in part because the cases "involve questions of fact that may ultimately require the presence of the prisoner") . An Order consistent with this Memorandum Opinion will be issued separately.

                                              /s/
                                    JOHN D. BATES
                                    United States District Judge

Date: April 15, 2008