UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK HINES,

    Plaintiff (Pro Se)

v.

GEO GROUP, INC.; UNITED STATES OF
AMERICA, through its Department,
the FEDERAL BUREAU OF PRISONS, and
HARLEY LAPPIN, in his official
capacity as Director of the
FEDERAL BUREAU OF PRISONS,

    Defendants.

Civil Action No. 07-01664(JDB)

RECEIVED
APR 1 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MOTION IN OPPOSITION TO THE FEDERAL AND GEO DEFENDANTS MOTIONS TO STAY FURTHER PROCEEDINGS THAT ARE RELATED TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**PLEASE TAKE NOTICE,** that plaintiff, Frederick Hines, pro se, opposes the Federal and GEO defendants' "Motions To Stay" further proceedings on his "Motion For Summary Judgment" pursuant to Federal Rules of Civil Procedure, 56(c), and grounds asserts the following.

Summary Judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.

P. 565(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984); Felton v. Haris Design & Const. Co., 417 F. Supp.2d 17 (D.D.C. 2006); Clayton v. Eli Lilly & Co, 421 F.Supp.2d 77 (D.D.C. 2006); International Painters & Allied Trades Industry Pension Fund v. KKB, 421 F.Supp.2d at 74 (D.D.C. 2006). Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

To determine which facts are "material," a court must look to the substantive law on which each claim rests. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. Celotex, 477 at 322. The burden on the moving party may be discharged by 'showing'---that is, pointing out to the [Court] that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Once the moving party has met its burden, the non-movant party may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial. See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The U.S. Supreme Court has interpreted the plain language

of Rule 56(c) as mandating "the entry of "Summary Judgment," against a party who fails to make a showing sufficient to establish the existence of an element of essential to that party's case, on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the "Motion For Summary Judgment."

Here in the present case, the Federal & GEO defendants are requesting this Court to "Stay" further proceedings on plaintiff's "Motion For Summary Judgment," offering no other explanation other then they need time in which to investigate plaintiff's medical condition. Defendants "Stay" is an admission in itself, that no one has paid any attention to plaintiff's medical needs, because if this was not true, defendants would readily have had information on plaintiff's medical condition regarding whether plaintiff needed "physical therapy;" whether plaintiff has "lung cancer, problems with his back, and all of the other physical ailments that plaintiff has repeatedly informed the defendants that he has, but because of defendants deliberate indifference to his medical needs, they have now, just become interested in plaintiff's condition, only after plaintiff has filed the instant Civil action claiming a "deliberate indifference" to his medical condition, and have failed to provide plaintiff with the kind of "health care delivery" that is

-3-

commensurate with the public.

The facts of this case have been established, and the facts are that these defendants (GEO & Federal) have failed miserably in providing plaintiff with adequate "Health Care Delivery" that is commensurate with the public, even after they were contacted by plaintiff's court appointed attorney, Mr. Brian Roberts, and after repeated requests, notifications and attempts to staff by plaintiff that he has serious medical concerns that need to be addressed. It is "ironic" that the defendants claim that they now want to examine plaintiff after the filing of this instant law suit, because these defendants have had four (4) years in which they could have examined plaintiff to make any thorough examinations to determine the seriousness of plaintiff's medical needs, but they didn't, and now they are attempting to right a wrong, where it is already too late, because the damage has been done, because plaintiff's condition has not improved, but has gotten worse!

Plaintiff asserts that the defendants assertion that they need discovery to obtain plaintiff's medical records is no more than "sham" because the very records which they state they need to obtain, they already have in their possession; when plaintiff was returned from Roanoke Chowan Hospital, all recommendations, examinations by the attending doctor were brought back with plaintiff by Rivers Correctional staff, so that these records are readily available to defendants at any time

-4-

they need them, which contradicts defendants allegations in their "Motions" to "Stay further proceedings relating to plaintiff's" "Motion For Summary Judgment," and this Court should deny their motions.

Motions for "Summary Judgment" are governed in this circuit by Local Civil Procedure Rule 7(h), which provides as follows:

> "Each motion for summary judgment shall be accompained by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . . In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."

Plaintiff asserts that the defendants have not denied any of plaintiff's allegations, but rather have confirmed that they don't have a "clue" about plaintiff's medical condition, which shows an egregious "deliberate indifference" to the serious medical needs of plaintiff by the defendants. Plaintiff asserts that it is a little late in the day for the defendants to now want to take plaintiff's medical needs serious after the damage has already been done; the possibility existed that plaintif could have been one of the unfortunate prisoners who have died here at Rivers Correctional Institution because the medical

-5-

personnel failed to take appropriate and expedient actions to deliver adequate "health care services" which are commensurate to those health care services delivered in the community, but, exposed prisoners like plaintiff to "life and death threatening" conditions.

For the rules quoted above and the facts contained in the Federal & GEO defendants "Motions To Stay" further proceedings of plaintiff's "Motion For Summary Judgment," it clearly appears that the defendants "Motions For Stay" do not comply with local rule 7(h) and 56(c) of the Federal Rules of Civil Procedure, and that they were interposed to harass, delay and were filed in "bad faith."

**WHEREFORE,** in light of the aforementioned, plaintiff prays that this honorable court deny defendants "Motions To Stay Further Proceeding" on plaintiff's "Summary Judgment," and grant the relief which plaintiff's seeks.

Respectfully Submitted,

*Frederick Hine*
Frederick Hine, Pro Se
Reg. No. 33592-007
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Motion In Opposition" to defendants "Motions To Stay Further Proceedings Relating To Plaintiff's Motion For Summary Judgment" has been mailed to:

1. Deborah J. Israel, Esq.
   Womble Carlyle Sandridge & Rice, PLLC
   1401 Eye Street, NW, 7th Floor
   Washington, D.C. 20005
   Counsel for defendant GEO Group, Inc.

2. Kathryn L. wyer, AUSA
   U.S. Department of Justice, Civil Division
   20 Massachusetts Ave., NW, Room 7218
   Washington, D.C. 20001
   Attorney for the Federal Defendants

this __14th__ day of **February 2008**.

_____
Frederick Hines

Subscribed to and Sworn before me on this __14th__ day of __February__ 2008.

_____
Notary Public

-7-